**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00743-TBR-LLK**

UNITED STATES,                                                                                              Plaintiff,

v.

MATTHEW W. STEIN, *et al.*                                                                      Defendants.

### MEMORANDUM OPINION

The United States brought this action in 2013 against Matthew and Deborah Stein to recover unpaid federal income taxes. In the time since, Matthew has conceded his liability for the debt, but Deborah continues to resist the United States' efforts to reduce the assessments made against her to judgment. She anchors her opposition on the equitable "innocent spouse" exemption codified at I.R.C. § 6015(f). According to the United States, however, Deborah's argument is of no moment because the Court is without jurisdiction to allow such an exemption. The Court agrees. Because the Internal Revenue Service should be allowed to consider Deborah's claim in the first instance, the United States' Motion for Summary Judgment (R. 26) is **GRANTED** and Deborah Stein's Motion for Summary Judgment (R. 27) is **DENIED**.

### I.

### A.

Matthew and Deborah Stein were married for thirty years. (*See* R. 25-2 at 1–2 (Decree of Dissolution).) During that time, Deborah was a typical mother: She taxied her four young boys to countless sporting events; she cared for the home; and, from time to time, she worked as a school teacher. (R. 32-1 at 16, 23 (Deborah Deposition).) A self-employed attorney, her husband Matthew was "the sole bread winner" of the family.

1

(*Id.* at 75.)   He controlled the household's finances.   (R. 32-2 at 33 (Matthew Deposition); R. 21 ¶ 7 (Deborah's Answers to Interrogatories).)  He also prepared and filed the couple's joint tax returns, (R. 21 ¶ 1), which are the source of the present controversy.

For tax years 2001 to 2003 and 2005 to 2010, Matthew's law practice generated income, but the Steins omitted to give the Internal Revenue Service its fair share. (*See* R. 32-2 at 29–32.)  When the IRS noticed, it made assessments against Matthew and Deborah for the unpaid taxes, resulting penalties, and interest.  (*See* R. 26-3 (2001 Account Transcript); R. 26-4 (2002 Account Transcript); R. 26-5 (2003 Account Transcript); R. 26-6 (2005 Account Transcript); R. 26-7 (2006 Account Transcript); R. 26-8 (2007 Account Transcript); R. 26-9 (2008 Account Transcript); R. 26-10 (2009 Account Transcript); R. 26-11 (2010 Account Transcript).)  There is no dispute as to the amount of the assessments, which as of August 2015 totaled almost $663,000.  (*See* R. 26-2 ¶¶ 5–6 (Riley Declaration).)   Likewise, it is undisputed that a delegate of the Secretary of the Treasury gave notice of those assessments and made timely demand for payment. (*Id.*)

### B.

The United States filed this action against Matthew and Deborah Stein on July 24, 2013 to reduce to judgment the unpaid federal income taxes, penalties, and interest described above.  (R. 1 ¶¶ 1, 7–21 (Complaint).)  The Court entered judgment against Matthew on March 13, 2015. (R. 17 at 1 (Agreed Judgment).)  Subsequently, the parties filed cross-motions for summary judgment on the issue of Deborah's tax liability. (*See* R. 26 at 1; R. 27 at 1.)

## II.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

When the parties have filed cross-motions for summary judgment, as is the case here, the Court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Hensley v. Grassman*, 693 F.3d 681, 686 (6th Cir. 2012) (quoting *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994)) (internal quotation marks omitted). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition,

3

answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324). With its task appropriately framed, the Court turns to the merits.

### III.

#### A.

The United States moves for summary judgment as to Deborah's tax liability. (R. 26 at 1–2.) According to the United States, there is no genuine dispute concerning the fact or amount of Deborah's indebtedness, which entitles the Government to judgment as a matter of law. (*See* R. 26-1 at 1.) The Court agrees.

#### 1.

An "assessment" is a bookkeeping entry "recording the liability of the taxpayer," I.R.C. § 6203, prepared when the taxpayer files a deficient return or none at all, *see* I.R.C. § 6201. In layman's terms, assessments represent an IRS determination "that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Tax assessments are presumptively correct. *Id.* (citing *United States v. Janis*, 428 U.S. 433, 440 (1976); *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997); *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971); *United States v. Lease*, 346 F.2d 696, 700 (2d Cir. 1965)). Once the United States introduces proof of an assessment, the burden shifts to the taxpayer to disprove her tax liability. *United States v. Walton*, 909 F.2d 915, 918 (6th Cir. 1990); *accord Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir. 1992). "Unless the taxpayer creates a material issue of fact as to the validity of the assessment," the United States is entitled to summary judgment. *United States v. Fortune*, No. 1:12-CV-688, 2013 WL 1145757, at *2 (N.D.

Ohio Mar. 18, 2013) (citing *United States v. Barretto*, 708 F. Supp. 577, 579 (S.D.N.Y. 1989)).

### 2.

Here, the United States has introduced documentary proof of the numerous assessments made against Deborah for unpaid federal taxes totaling approximately $663,000. (*See* R. 26-3; R. 26-4; R. 26-5; R. 26-6; R. 26-7; R. 26-8; R. 26-9; R. 26-10; R. 26-11.) Coupled with other evidence of record, (*see* R. 26-2 ¶¶ 5–6), those documents are "sufficient to create a prima facie case of the debt owed," *Fortune*, 2013 WL 1145757, at *2. Deborah has not come forward with any evidence to rebut that presumption. With the United States' facts undisputed, it has proven everything it needs to secure summary judgment on its claims.

### B.

Deborah relies on the equitable "innocent spouse" exemption codified at I.R.C. § 6015(f) not only to resist the Government's conclusion that she is jointly and severally liable for the tax assessments, but also to support her own motion for summary judgment. (*See* R. 27 at 8–13; R. 28 at 8–10 (Deborah's Response).) She spends much time discussing how her situation comes within the scope of § 6015(f)'s exemption. The United States takes a different tack. According to it, the Court lacks jurisdiction to grant Deborah the equitable relief she seeks. (R. 29 at 2–3 (United States' Response).) Unfortunately for Deborah, the United States is correct.

### 1.

Under § 6015's "catch-all" provision, *Garavaglia v. C.I.R.*, 521 F. App'x 476, 483 (6th Cir. 2013), the "Commissioner may grant a spouse relief from joint and several

liability . . . where it [would be] inequitable to hold the requesting spouse liable," *Karam v. C.I.R.*, 504 F. App'x 416, 419 (6th Cir. 2012); *see* I.R.C. § 6015(f); Treas. Reg. § 1.6015-4. Congress developed the innocent spouse exemption "in an effort to offer some protection to a spouse who, through no fault of their own, [had no] knowledge of the incorrect tax reporting of the other spouse." *In re French*, 242 B.R. 369, 367 (Bankr. N.D. Ohio 1999) (citing *Purcell v. C.I.R.*, 826 F.2d 470, 475 (6th Cir. 1987)). The exemption is properly viewed, then, as a narrow exception to the general rule that joint and several liability follows joint filing. *See* I.R.C. § 6013(d)(3); *Greer v. C.I.R.*, 595 F.3d 338, 344 (6th Cir. 2010).

While not artfully drafted, § 6015 commits to the Secretary the decision of whether to grant or deny an equitable exemption. *See* I.R.C. § 6015(f); Treas. Reg. § 1.6015-4(a). The United States Tax Court may review the Secretary's determination on timely application. *See* I.R.C. § 6015(e)(1); Treas. Reg. § 1.6015-7(a). And judicial review of the Tax Court's decision lies with the United States Courts of Appeals exclusively. *See* I.R.C. § 7482(a)(1). Section 6015 contemplates federal district courts participating only in the unusual case where the taxpayer happens to file a refund suit with the district court while his or her § 6015 petition is pending before the Tax Court. *See* I.R.C. § 6015(e)(3). In other words, Congress' statutory scheme envisions the Secretary and the Tax Court deciding questions about the exemption in all but the rarest circumstances. Certainly no part of § 6015 confers jurisdiction to the federal district courts "to determine innocent spouse claims in the first instance." *United States v. Wallace*, No. 1:09-CV-87, 2010 WL 2302377, at *4 (S.D. Ohio Apr. 28, 2010); *accord*

*Andrews v. Taylor*, 225 F.3d 658, 2000 WL 1091483, at *1 (6th Cir. 2000) (unpublished table disposition).[1]

**2.**

But that, of course, is what Deborah asks this Court to do.  Regardless of how the issue is framed, the Court's analysis must begin and end with the jurisdictional question.  Deborah concedes that she has not filed for equitable relief as required under the Internal Revenue Code.  (*See* R. 21 ¶ 4; *see also* R. 26-2 ¶ 7.)  Therefore, Deborah's arguments on the merits of her § 6015 claim are best left for a different day.

**3.**

The Court's conclusion does not inhibit Deborah's "ability to seek innocent spouse relief . . . with the Secretary and then, if appropriate, with the Tax Court and the Court of Appeals," *United States v. Boynton*, No. 05-V-2243-WQH (RBB), 2007 WL

---

[1] While there is a dearth of published authority, lower courts have spoken with near unanimity on this question.  *See United States v. Dew*, No. 4:14-CV-00166-TLK, 2015 WL 5037850, at *1 n.1 (D.S.C. Aug. 26, 2015) ("[T]he innocent spouse defense cannot be considered by this Court because it lies within the exclusive jurisdiction of the tax court."), *appeal docketed*, No. 15-2062 (4th Cir. Sept. 11, 2015); *United States v. Popowski*, No. 2:10-CV-2816-RMG, 2012 WL 6085138, at *1 (D.S.C. Dec. 6, 2012) ("[T]he 'innocent spouse exception' . . . may only be heard by the Tax Court and may not be raised here."); *United States v. Elman*, No. 10 CV 6369, 2012 WL 6055782, at *4 (N.D. Ill. Dec. 6, 2012) ("In summary, exclusive jurisdiction over Ms. Elman's innocent spouse defense under § 6015(f) lies with the Tax Court."); *United States v. Miles*, No. CV 10-2398 CW, 2012 WL 1094430, at *3 (N.D. Cal. Mar. 30, 2012) ("[B]ecause the provision and regulations concerned do not permit district courts to determine whether the taxpayer qualifies for innocent spouse relief, this Court cannot consider Ms. Miles' request for equitable relief as an innocent spouse."); *United States v. LeBeau*, No. 10CV817 BTM(NLS), 2012 WL 835160, at *3 (S.D. Cal. Mar. 12, 2012) ("[T]he district court has no jurisdiction to decide an innocent spouse claim."); *United States v. Domenico*, No. 8:09-CV-1282-T-26AEP, 2010 WL 3029019, at *3 (M.D. Fla. Apr. 29, 2010) ("Finally, inasmuch as Defendant Nancy Domenico failed to first request innocent spouse relief from the Internal Revenue Service prior to filing a judicial action, the Court lacks subject matter jurisdiction to consider the defense."); *United States v. Cawog*, No. 02:05CV1652, 2006 WL 1997421, at *3 (W.D. Pa. June 15, 2006) ("[T]he Court notes that it is without jurisdiction to make a finding that Aurora Cawog is an 'innocent spouse' as that determination lies with the Tax Court."); *United States v. Feda*, No. 05 C 1767, 2006 WL 897887, at *4 (N.D. Ill. Apr. 3, 2006) ("We are convinced that the district court is not the proper location to introduce an innocent spouse theory."); *see also In re Mikels*, 524 B.R. 805, 807 (Bankr. S.D. Ind. 2015) ("Although the statute does not address whether the Tax Court's jurisdiction is exclusive, courts interpreting the statute have concluded that it is."); *In re French*, 255 B.R. 1, 1 (Bankr. N.D. Ohio 2000) ("Accordingly, as § 6015(f) specifically provides that only the 'Secretary' may determine a taxpayer's entitlement to relief under that section, this Court finds that it has no jurisdictional authority to hear the Plaintiff's case.").

737725, at *4 (S.D. Cal. Feb. 1, 2007), provided her request is otherwise proper. Having rejected her innocent spouse claim and defense on jurisdictional grounds, the Court's opinion carries no preclusive effect. *See* Treas. Reg. § 1.6015-1(e). The Secretary will be afforded the opportunity to hear Deborah's claim in the first instance as Congress intended.

## IV.

For the aforementioned reasons, the United States' Motion for Summary Judgment (R. 26) is **GRANTED** and Deborah Stein's Motion for Summary Judgment (R. 27) is **DENIED**. An appropriate Order will issue separate from this Memorandum Opinion.

Date:

cc:     Counsel of Record